OPINION OF THE COURT
Dan Lamont, J.
Howard S. seeks a downward modification of “child support” of $55 per week, plus one third of any salary increases, to continue until the children are through with college and graduate school. Lillian H. seeks enforcement of an “agreement” to support the children through graduate school.
For the reasons which follow, this court determines that both petitions must be dismissed for lack of jurisdiction in the Family Court.
The parties have two sons: Richard S., born October 31,1960, now 24 years of age and a graduate student at City College of New York; and Alan S., born November 6,1963, now a 21-year-old senior at SUNY, Albany, and planning to attend medical school. The parties were divorced by judgment entered in Supreme Court, Sullivan County, on April 27, 1979, which provides in applicable part as follows: “Adjudged and Decreed, that the issue of support for the infant child, Alan S., is hereby referred to the appropriate Family Court.”
*29 A proposed written agreement relative to support was signed and acknowledged by Howard S. on October 3, 1979; however, said proposed agreement was never signed by Lillian H. The proposed written agreement provides, in part, as follows:
“(2) The wife agrees and the Husband agrees to the following monetary arrangement:
“The Husband shall pay to the Wife Fifty-five ($55.00) Dollars per week by money order to be mailed on Friday of each week.
“If the Husband receives future salary increases, one-third (Vá) of that sum shall be added to the base amount of $55.00 described above.
“Every three months the Husband shall send a photocopy of his pay stub to the Wife.
“(3) The parties, by deliberate choice and agreement, do not categorize the above monetary payment. It is their joint intent that their two children be educated and it is their contemplation that the payments so described will be used by the Wife to defray the continuing educational expenses.
“(4) The duration of this agreement shall be the period of schooling to the extent of both college and graduate school for either or both children. It is anticipated that alan will continue in school for a longer period than richard by reason of his younger age. When alan concludes his schooling, the obligation to make the payments herein described shall cease.”
Howard S. substantially paid $55 a week to Lillian H. until March 1984 when he ceased making the payments. Lillian H. remarried in June 1979 and does not need the money; however, she feels that Howard S. should contribute something to the college and graduate school educational expenses of his two sons. Howard S. has also remarried and has a three-year-old child. He has not seen Richard or Alan since 1978.
THE LAW
Family Court Act § 413 (1) provides in part as follows: “the parents of a child under the age of twenty-one years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, may be required to pay for such child’s care, maintenance and education a fair and reasonable sum according to their respective means, as the court may determine and apportion. The court shall make its award for child support after consideration of all relevant factors, including: (i) the financial resources of the parents and those of the child; (ii) the physical and emotional health of the child, and his or her educational or vocational needs and aptitudes; (iii) where *30 practical and relevant the standard of living the child would have enjoyed had the family remained intact; (iv) where practical and relevant, the tax consequences to the parties; and (v) the non-monetary contributions that the parents will make toward the care and well-being of the child” (emphasis added).
Family Court Act § 461 provides as follows:
“(a) A separation agreement, a decree of separation, and a final decree or judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under section four hundred thirteen of this article. In the absence of an order of the supreme court or of another court of competent jurisdiction requiring support of the child, the family court may entertain a petition and make an order for its support.
“(b) If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may
“(i) entertain an application to enforce the order requiring support; or
“(ii) entertain an application to modify such order on the ground that changed circumstances requires such modification, unless the order of the supreme court provides that the supreme court retains exclusive jurisdiction to enforce or modify the order.
“(c) In an action for divorce, separation or annulment in the supreme court, the supreme court on its own motion or on motion of one of the parties may refer an application for temporary or permanent support or both of a child of the marriage to the family court. If the supreme court so refers the application, the family court shall have jurisdiction to determine the application with the same powers possessed by the supreme court and the family court’s disposition of the application shall be an order of the family court appealable only under article eleven of this act.”
CONCLUSIONS OF LAW
This court concludes that since both children are over 21 years of age, the Family Court has no jurisdiction to order child support. Although the Supreme Court made a referral of permanent child support to the Family Court (Family Ct Act § 461 [c]), no application for child support has previously been made to this or any other Family Court.
The Supreme Court judgment did not require support of the child (see, Family Ct Act § 461 [b]), and the proposed written *31 “agreement” was signed by only one of the parties six months after the divorce became final; therefore, there is no Supreme Court order to modify or enforce.
Even if the parties have a written contract for payments to continue through college and graduate school which is enforceable because of part performance, the Family Court clearly lacks jurisdiction to specifically enforce or modify such a contract.
The Family Court has no jurisdiction to order child support for a child over 21 years of age. Accordingly, both petitions must be dismissed for lack of jurisdiction.